PAUL M. GLEASON (SBN: 155569)
DAVID H. DANNING (SBN: 354477)
GLEASON & FAVAROTE, LLP
3646 Long Beach Blvd., Suite 203
Long Beach, California 90807
Telephone:   (213) 452-0510
Facsimile:    (213) 452-0514
pgleason@gleasonfavarote.com
ddanning@gleasonfavarote.com

Attorneys for Defendant CUSHMAN & WAKEFIELD U.S., INC.,
incorrectly named as Cushman & Wakefield, which is not a legal entity

# UNTIED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ADRIENNE WOOD,

                    Plaintiff(s),

    vs.

CUSHMAN & WAKEFIELD; and
DOES 1-10, inclusive,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:    **'24CV1169 JLS  DDL**

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

[28 U.S.C. §§ 1332, 1441, and 1446 DIVERSITY]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ADRIENNE WOOD, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Cushman & Wakefield U.S., Inc., incorrectly named as Cushman & Wakefield, which is not a legal entity ("Defendant" or "C&W") hereby removes the above-referenced action from the Superior Court in the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties based upon the existence of diversity under 28 U.S.C. 1332, 1441 and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION

This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. sections 1441 and 1446. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Venue is proper in this Court because this is the district court of the United States and division embracing the place where the state action is pending. 28 U.S.C. Section 1441(a).

On or about May 28, 2024, plaintiff Adrienne Wood ("Plaintiff") filed an original complaint in the Superior Court of the State of California in the County of San Diego, entitled, <u>Adrienne Wood v. Cushman & Wakefield and DOES 1 through 10, Inclusive</u>, Case Number 37-2024-00024541-CU-OE-CTL (the "Complaint"). The Complaint alleges causes of action for: (1) Violation of the Fair Employment and Housing Act-Discrimination Based on Disability; (2) Violation of the Fair

1.

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

Employment and Housing Act-Harassment Based on Disability.; (3) Violation of the Fair Employment and Housing Act-Retaliation; (4) Violation of the Fair Employment and Housing Act-Failure to Investigate/Prevent/Correct FEHA Violations; (5) Violation of the Fair Employment and Housing Act-Failure to Accommodate; and (6) Violation of the Fair Employment and Housing Act-Failure to Engage in the Interactive Process.   True and correct copies of the Service of Process Transmittal Summary, Process Server Delivery Details, Summons, Complaint, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution Information sheet, blank Stipulation to Use Alternative Dispute Resolution form, and Civil Case Cover Sheet, are attached to the Declaration of David H. Danning in Support of Defendant's Notice of Removal ("Danning Decl.") as **Exhibit 1**.

On July 5, 2024, C&W filed its answer to Plaintiff's Complaint in San Diego County Superior Court, a true and correct copy of which is attached to the Danning Decl. as **Exhibit 2**.

To C&W's knowledge, no other papers or processes have been filed or received in this matter.

## DIVERSITY JURISDICTION

This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one that may be removed by C&W pursuant to 28 U.S.C. section 1441.  This is a civil action where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

Plaintiff's Citizenship: Plaintiff is a current employee of C&W who resides in the county of San Diego and is a citizen of the State of California.  (Danning Decl., Exhibit 1, Complaint, pg. 3 paras. 3-4. Declaration of Patty Sturm ("Sturm Decl."), ¶ 2).  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Residence is *prima facie* evidence of domicile.  State Farm Mutual Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

C&W's Citizenship: C&W was, at the time of the filing of the state court action, and remains a corporation organized under the laws of the state of Missouri, with its principal place of business in the state of Illinois. (Declaration of Jessica Waller ("Waller Decl."), ¶ 2).  A corporation is a citizen of its state of incorporation and wherever it has its principal place of business. 28 USC § 1332(c)(1). Accordingly, Defendant is not a citizen of the state of California.

The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. section 1441(a).

There is complete diversity of citizenship between Plaintiff and C&W.

For the above reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## AMOUNT IN CONTROVERSY

Plaintiff alleges that while employed by Cushman & Wakefield, Plaintiff suffered harassment, discrimination, and retaliation, which has caused her suffer "substantial losses in earnings, other employment opportunities, employment benefits and other damages." (Danning Decl., Exhibit 1, Complaint, pg. 9 para. 41, pg. 10 para. 48, pg. 11 para. 55, pg. 12 para. 59, pg. 13 para. 63, pg. 14 para. 70.)

Plaintiff alleges as damages that she "has experienced and continues to experience severe emotional distress." (Danning Decl., ¶ 2 Exhibit 1; Complaint, pg. 9 para. 41, pg. 10 para. 48, pg. 11 para. 55, pg. 12 para. 59, pg. 13 para. 63, pg. 14 para. 70).

/ / /

/ / /

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

Plaintiff further alleges claims for punitive damages. (Danning Decl., ¶ 2, Exhibit 1; Complaint, pg. 9 para. 42, pg. 10 para. 50, pg. 11 para. 56, pg. 13 para. 65, pg. 14 para. 71.)

Further, according to the "Prayer" in her Complaint, Plaintiff seeks the following damages from Defendant:

1.    For general and special damages in an amount according to proof;

2.    For prejudgment interest according to law;

3.    For cost of suit incurred herein;

4.    For attorney fees as authorized by statute;

5.    For punitive damages against Defendant where allowed; and

6.    For such other and further relief as the Court deemed proper;

(Danning Decl., ¶ 2 **Exhibit 1**; Complaint pg. 15).

Based on the allegations in Plaintiff's Complaint, C&W is easily able to establish the amount in controversy exceeds the jurisdictional limit.

Plaintiff alleges "that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits, and other damages," stemming from actions Plaintiff alleges began in 2022. (Danning Decl., ¶ 2, Exhibit 1; Complaint, pg. 4, paras. 10-13, pg. 9 para. 41, pg. 10 para. 50, pg. 11 para. 56, pg. 13 para. 65, pg. 14 para. 70.)  In 2022, Plaintiff's base salary was $113,000 per year, and in 2023 Plaintiff's base salary was $115,881.50 per year. (Sturm Decl., ¶ 3.)  If Plaintiff's "substantial losses of earnings" equate to even 33% of Plaintiff's base salary for 2022 and 2023, the amount in controversy is already met without including Plaintiff's alleged damages for the first seven months of 2024 or Plaintiff's claims for emotional distress, punitive damages, and attorneys' fees and costs.[1]

/ / /

---

[1] $(\$113,000 \times .33) + (\$115,881.50 \times .33) = \$75,530.90$

DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL

As noted above, Plaintiff also seeks compensation for what she categorizes as severe ongoing emotional distress since 2022 and a diagnosis of "depression and post-traumatic distress disorder." (Danning Decl., ¶ 2, Exhibit 1; Complaint, pg. 4, paras. 10 and 13, pg. 8 para. 35, pg. 9 para. 41, pg. 10 para. 50, pg. 11 para. 56, pg. 13 para. 65, pg. 14 para. 70.) Damages for emotional distress "may be considered when calculating the amount in controversy even where not clearly pled in the complaint." Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002). It is recognized that "emotional distress damages in a successful employment discrimination case may be substantial." (Id. at 1034.), see also Finister v. California Check Cashing Stores, LLC, 2023 WL 5170299, at *5 (N.D. Cal. Aug. 11, 2023 and Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc., 2020 WL 5630268, at *2 (N.D. Cal. Sept. 21, 2020) (Finding that in employment cases emotional distress damages alone frequently exceed $75,000.)

Plaintiff also seeks all attorney's fees authorized by statute. (Danning Decl., ¶ 2 Exhibit 1; Complaint, pg. 15 Prayer § 4.) California Government Code § 12965(b)(6) authorizes attorney's fees for all of Plaintiff's six causes of action. The Ninth Circuit has held that attorney's fees may be included in the amount in controversy if recoverable by statute or contract. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). The court in the case of Simmons, 209 F.Supp. 2d at 1034-35 stated that "[attorneys' fees] necessarily accrue until the action is resolved," and thus, the Ninth Circuit [in Galt] must have anticipated that district courts would project fees beyond removal." As such, the Simmons court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." In fact, the court in Simmons noted that in its experience, "attorneys' fees for individual discrimination cases often exceed the damages."

Even a conservative estimation of attorneys' fees in an employment cases claiming statutory fees would support an amount in controversy that exceeds the

5.

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

jurisdictional minimum. See e.g. Lefkir v. Rancho Los Amigos/County of Los Angeles, (2010 WL 6571514) (court awards plaintiff's attorney's fees in the amount of $171,917.50.)  Thus, Plaintiff's attorneys' fees (a figure which will necessarily accrue until the action is resolved), also establishes that the instant action presents an amount in controversy in excess of $75,000.00.

Punitive damages are also included in calculating the amount in controversy if they are recoverable under state law. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); see also Richmond v. Allstate Ins. Co. 897 F.Supp. 447, 450 (S.D. Cal. 2003).  Plaintiff alleges that C&W's actions were "despicable, malicious, and oppressive and done with a conscious disregard of Plaintiff's rights" and "designed to humiliate and oppress Plaintiff." (Danning Decl., ¶ 2, Exhibit 1; Complaint, pg. 9 para. 42, pg. 10 para. 50, pg. 11 para. 56, pg. 14-15 para. 71.)  California law does not provide specific monetary limitations on the amount of punitive damages that may be awarded under statute.  Rather the proper amount of punitive damages is determined based on the reprehensibility of the defendant's misdeeds – the ratio between compensatory and punitive damages, and the ratio between damages and defendant's net worth. Boyle v. Lorimar Productions, Inc. 13 F.3d 1357, 1359-60 (9th Cir. 1994).  Indeed, some courts have recognized that an award for punitive damages can be significant, and that in some cases, a punitive award itself could establish the amount in controversy. See e.g. Aucino v. Amoco Oil Co., 871 F.Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, and thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum.)

Where it is not facially evident from the complaint that more than $75,000.00 is in controversy, the removing party need only show that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum.  Sanchez v.

6.

Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996). See Simmons 209 F.Supp.2d at 1031-35 (finding that the plaintiffs alleged lost income of $25,600.00 at the time of removal included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); White v. FCI USA, Inc. 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000.00 minimum amount in controversy required to establish diversity jurisdiction.) Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1997); Galt G/S, 142 F.3d at 1155-56; Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

Here, the combination of Plaintiff's claims for alleged economic damages, lost earnings, employment benefits and her additional claims for alleged emotional distress, general damages, special damages, prejudgment interest, attorney's fees, and costs of suit make it undeniable that the instant action presents an amount in controversy in excess of $75,000.00.

Although Defendant vigorously denies that it engaged in any wrongful and/or unlawful conduct with respect to Plaintiff whatsoever and further denies that Plaintiff is entitled to recover any damages or other amounts in this matter, based on a conservative good faith estimate of the value of the claims alleged by Plaintiff, the

7.

amount in controversy requirement is easily satisfied.

## THE REMOVAL IS TIMELY

As required by 28 U.S.C. section 1446(d), this Notice of Removal is timely in that it has been filed within thirty (30) days of the date this action became removable and within one (1) year of being initiated. This Notice is to be filed on July 5, 2024, and is timely as Plaintiff's complaint was served on June 4, 2024. See FRCP 6(a)(1)(C). Plaintiff's case was filed on May 28, 2024, less than a year ago.

As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through her attorneys of record.

As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of San Diego.

WHEREFORE, having provided notice as is required by law, the above-titled action should be removed from the Superior Court for the County of San Diego to this Court.

Dated: July 5, 2024

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
DAVID H. DANNING


By: /s/ David H. Danning
DAVID H. DANNING

Attorneys for Defendant CUSHMAN & WAKEFIELD U.S., INC.

8.
**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

## **PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 3646 Long Beach Blvd., Suite 203, Long Beach, CA 90807.

On July 5, 2024, I served a copy(ies) of the following document(s):

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Donald R. Holben, Esq.<br>Karen S. Spicker, Esq.<br>Carlos Americano, Esq.<br>DONALD R. HOLBEN &<br>ASSOCIATES, APC<br>5030 Camino de la Siesta, Suite 350<br>San Diego, CA 92108<br>Telephone: (619) 220-5555<br>Facsimile: (619) 220-0033<br>Email: staff@sandiegotrialattorneys.com<br>Email: kss@sandiegotrialattorneys.com<br>Email: ca@sandiegotrialattorneys.com | Attorneys for Plaintiff ADRIENNE WOOD | First Class Mail |

☒ **[BY MAIL]** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ **[BY CM/ECF SYSTEM]** I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct, and that this declaration was executed on July 5, 2024, at Long Beach, California.

_____
Thomas Steinhart